IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALAMIN SAMAD aka EDDIE DUNBAR,

    Plaintiff,

vs.

STEPHANIE M. ADRAKTAS, et al.,

    Defendants.

No. CIV S-11-3357 KJM GGH P

FINDINGS & RECOMMENDATIONS

/

    Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

    The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

\\\\\

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7 Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint must contain more than a "formulaic recitation of the elements of a
9 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
10 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
11 "The pleading must contain something more...than...a statement of facts that merely creates a
12 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
13 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
14 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
15 v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
16 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
17 the court to draw the reasonable inference that the defendant is liable for the misconduct
18 alleged."  Id.

19    In reviewing a complaint under this standard, the court must accept as true the
20 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
21 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
22 and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
23 1843 (1969).

24    Plaintiff alleges that his appointed counsel on a post-conviction criminal appeal
25 committed malpractice and the State Bar of California refused to investigate her actions.
26 However, court records reveal that plaintiff filed this same complaint against the same

1  defendants regarding the same post-conviction appeal in S-09-2425 GEB EFB.[1]  That case was
2  dismissed with prejudice for failure to state a claim and plaintiff's appeal of that case to the
3  Ninth Circuit was dismissed for lack of jurisdiction.
4        Therefore the instant case is dismissed as duplicative.  <u>Adams v. Cal. Dept. of</u>
5  <u>Health Services</u>, 487 F.3d 684, 688 (9th Cir. 2007).  In the alternative, this case should be
6  dismissed for the same reasons set forth in the January 20, 2010 Order and Finding &
7  Recommendations in S-09-2425 GEB EFB.
8        In accordance with the above, IT IS HEREBY RECOMMENDED that
9      1.  Plaintiff's application to proceed in forma pauperis be granted; and
10      2.  This case be dismissed with prejudice.
11        These findings and recommendations are submitted to the United States District
12  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
13  days after being served with these findings and recommendations, any party may file written
14  objections with the court and serve a copy on all parties.  Such a document should be captioned
15  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
16  shall be served and filed within fourteen days after service of the objections.  The parties are
17  advised that failure to file objections within the specified time may waive the right to appeal the
18  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
19  DATED: February 8, 2012

        /s/ Gregory G. Hollows
      UNITED STATES MAGISTRATE JUDGE

GGH: AB
sama3357.dis

---

[1] A court may take judicial notice of court records.  See <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).